# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT BURKE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 15-1151 (EGS) |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, challenged in a 57-count complaint the responses of several Department of Justice components, as well as those of the Internal Revenue Service and the National Archives and Records Administration, to his sweeping requests for records under the Freedom of Information Act ("FOIA") and the Privacy Act. On March 30, 2017, the Court granted summary judgment to the defendants, except as to the Federal Bureau of Investigation's ("FBI") withholding of information from its June 15, 2015 release and the Executive Office for United States Attorneys' ("EOUSA") referral of records to the United States Postal Inspection Service ("USPIS"). *See* Mem. Op. and Order ("Mem. Op. 1") [Dkt. # 50]. Pending is the renewed motion of EOUSA and the FBI for summary judgment [Dkt. # 54]. For the reasons explained below, the motion will be granted.

### A. EOUSA-Referred Records

EOUSA's referral was in response to plaintiff's request for records containing "the name Joan Markman, Esquire," of whom plaintiff had provided proof of death. Mem. Op. 1 at 4.

1

EOUSA properly referred "Memorandums of Interviews" to USPIS, *see* Mem. Op. 1 at 4, 26-27, but the Court could not determine which entity, EOUSA or USPIS, had released responsive records, when it occurred, and what exactly was released. *Id.* at 27. EOUSA has now shown that USPIS released all of the 34 referred documents to plaintiff on February 17, 2016, after redacting third-party identifying information—save Markman's—under FOIA exemptions 6 and 7(C). Decl. of Kimberly Mungin ¶¶ 8-9 [Dkt. # 54-4]; *see also* Decl. of Kimberly Williams ¶¶ 5-7 [Dkt. # 31-12]. The Court has previously approved the withholding of similar information under Exemption 7(C), and it applies the same reasoning to USPIS's redactions. *See* Mem. Op. 1 at 23-24. As a result, EOUSA is now entitled to summary judgment on all claims.

**B. FBI Records**

On June 30, 2015, the FBI informed plaintiff that it had processed 130 responsive records. It released 102 pages, 94 of which contained redactions, and withheld 28 pages in full. Second Decl. of David M. Hardy ¶ 5 [Dkt. # 54-1]. The FBI withheld information under FOIA exemptions 3, 6, 7(C), 7(D) and 7(E), *id.* ¶ 23, but it no longer relies on Exemption 7(E), *id.* ¶ 4 & n.1. The FBI referred 21 of the 28 withheld pages to the USPIS, which, in turn, released the pages to plaintiff by letter of September 21, 2015, with third-party information properly redacted pursuant to FOIA exemptions 6 and 7(C). *See* Decl. of Tammy A. Warner ¶¶ 6, 12-16 [Dkt. # 54-3].

### 1. FOIA Exemption 3

Exemption 3 covers records that are "specifically exempted from disclosure by statute," provided that such statute either requires withholding from the public "in such a manner as to leave no discretion on the issue or . . . establishes particular criteria for withholding or refers to

particular types of matters to be withheld." 5 U.S.C. § 552(b)(3); *see Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

The FBI invokes Exemption 3 in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure, which regulates the disclosure of matters before a grand jury. Hardy Decl. ¶¶ 26-27. In this circuit, the grand jury exception is limited to material which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such . . . as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

The FBI withheld the names of recipients of grand jury subpoenas, save that of murder victim Donna Willard, and "specific categories of information that the grand jury subpoenaed as part of its investigation." Second Hardy Decl. ¶ 27; *see* Mem. Op. 1 at 2 (recounting plaintiff's conviction for the murder of federal witness Donna Willard). The declarant explains that if disclosed, such information "would reveal the inner workings of the grand jury; the direction that the grand jury was taking; and the focus and scope of its investigation by identifying who the grand jury believed had relevant information, and by revealing the information it was seeking in furtherance of its investigation." Second Hardy Decl. ¶ 27. Plaintiff has not contested the FBI's justifications, which the Court found proper in assessing similar withholdings by EOUSA. *See* Mem. Op. 1 at 19-20. Accordingly, summary judgment is granted to the FBI on its Exemption 3 withholdings.

### 2. FOIA Exemption 7(C)

The FBI invokes the FOIA's personal privacy exemptions, 6 and 7(C), but the Court, having determined that the records were compiled for law enforcement purposes, need not

address the former since the latter applies to the same records. *See* Mem. Op. 1 at 22-23 (citing *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011)). The FBI withheld under Exemption 7(C) the names and/or identifying information of various categories of individuals, including FBI special agents and support personnel, other federal government employees, persons of "investigative interest," persons "merely mentioned," local and state law enforcement personnel, persons who provided information, and persons with criminal records or rap sheets. Second Hardy Decl. ¶¶ 32-40. The declarant has adequately explained the potential harm in disclosing such information. *See id*. Plaintiff has neither contested the FBI's valid justifications nor produced any evidence to trigger consideration of an overriding public interest. Accordingly, summary judgment is granted on the FBI's Exemption 7(C) withholdings for the reasons stated in the initial ruling. *See* Mem. Op. 1 at 23-24.

### 3. FOIA Exemption 7(D)

FOIA Exemption 7(D) protects from disclosure those records or information compiled for law enforcement purposes that:

> could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . ., information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). There is no general "presumption that a source is confidential within the meaning of Exemption 7(D) whenever [a] source provides information [to a law enforcement agency] in the course of a criminal investigation." *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). Rather, a source's confidentiality must be determined on a case-by-case basis, *id*. at 179-80, and a presumption of confidentiality arises only in narrowly defined circumstances, *id*. at 181. "A source is confidential within the meaning of [E]xemption 7(D) if the source

4

'provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.' " *Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (quoting *Landano*, 508 U.S. at 170-74).

The FBI withheld the "permanent source symbol number of a [single] confidential source," which the Court finds proper since such numbers are assigned "to confidential informants who report information to the FBI on a regular basis pursuant to an express assurance of confidentiality." Second Hardy Decl. ¶ 44. In addition, the FBI withheld information shown to have been provided under express assurances of confidentiality, *id*. ¶ 46, which is authorized by the plain language of Exemption 7(D).

Finally, the FBI withheld the name, identifying information, and information provided by an individual under an implied assurance of confidentiality. Whether an implied confidentiality exists turns mostly on "the nature of the crime . . . and the source's relation to it." *Landano*, 508 U.S. at 179. The declarant explains: "This third party source provided invaluable assistance and detailed information specific in nature throughout the FBI's investigation of Plaintiff for [the] murder of a Federal Grand Jury witness," which resulted in "the eventual conviction of Plaintiff." Second Hardy Decl. ¶ 48. "[I]n doing so, [the individual] placed himself/herself in harm's way should the public, Plaintiff and other investigative subjects, become aware of the cooperation this source provided to the FBI." *Id*. ¶ 49. In light of the brazen nature of the investigated crime and plaintiff's ultimate conviction, it is reasonable to infer that the individual would have provided information to the FBI under an implied assurance of confidentiality. *See Lewis-Bey v. U.S. Dept. of Justice*, 595 F. Supp. 2d 120, 137 (D.D.C. 2009) (finding grant of confidentiality implied where FOIA requester was "convicted of murdering a Grand Jury witness and other individuals he thought were informants or were cooperating in the investigation or

prosecution of the criminal case"); *see also Richardson v. U.S. Dep't of Justice*, 730 F. Supp. 2d 225, 238 (D.D.C. 2010) (whether a source has provided information under an implied grant of confidentiality has been affirmed with respect to, *inter alia*, "violent acts committed in retaliation for witnesses' cooperation with law enforcement) (citing *Shores v. FBI*, 185 F. Supp. 2d 77, 84 (D.D.C. 2002)). Accordingly, summary judgment is granted on the FBI's Exemption 7(D) withholdings.

## C. Record Segregability

The supplemental declarations of both the FBI and USPIS establish that each responsive document was reviewed in favor of disclosing all reasonably segregable information and that such indeed occurred. *See* Second Hardy Decl. ¶ 51; Warner Decl. ¶¶ 17-19; Mungin Decl. ¶¶ 17-19. As a result, defendants' renewed motion for summary judgment is granted. A separate order accompanies this Memorandum Opinion.

SIGNED: EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: March 20, 2018